UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

   Plaintiff,

 v.          **ORDER**
             Civil No. 16-774 ADM/LIB

Joseph D. Meyer,

   Defendant.

_____

Hilarie E. Snyder, Esq., United States Department of Justice, Washington, DC, on behalf of Plaintiff.

Joseph D. Meyer, pro se.

_____

   On March 25, 2016, Plaintiff United States of America commenced this tax collection action, asserting that Defendant Joseph D. Meyer owes $110,352.74 in outstanding federal income tax liabilities for the years 2002 and 2009.  Compl. [Docket No. 1] ¶¶ 7, 8.  On April 13, 2016, Meyer denied the substantive allegations in the Complaint and asserted a Counterclaim. See Answer Compl. Countercl. [Docket No. 6].

   Meyer's Counterclaim asserts that the collections actions of the Internal Revenue Service ("IRS") have caused him emotional distress and financial hardship, and that he has been denied repeated requests for an administrative hearing for the IRS to identify under what authority Meyer is liable for federal income taxes.  Countercl. ¶ 1.  Meyer requests that the Complaint be dismissed and that the United States be ordered to pay restitution for the purported tax liabilities that the IRS has obtained through its collection actions.  Id. ¶¶ A–E.

   On May 2, 2016, the United States filed a Motion to Dismiss [Docket No. 8] Meyer's

Counterclaim.[1] The United States argues that dismissal is warranted for either lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Meyer's Counterclaim fails for lack of subject matter jurisdiction. While the United States is normally immune from suit, 28 U.S.C. § 1346(a) permits suits against the government for recovery of taxes "erroneously or illegally assessed or collected," and Section 7422 of the Internal Revenue Code, 26 U.S.C. § 7422, waives the sovereign immunity of the United States and permits civil actions for the refund of federal income taxes. Taxpayers, however, may only avail themselves of this remedy if they comply with specified requirements. United States v. Dalm, 494 U.S. 596, 599 (1990). One of these requirements is that the tax must be paid in full before suit for recovery may be brought. Flora v. United States, 362 U.S. 145, 150–51 (1960).

Meyer has not alleged that he has satisfied this prerequisite of suing for a refund. And nor could he. As the United States asserts in its Complaint, Meyer has outstanding federal tax liabilities from years 2002 and 2009. The United States' collection efforts contradict any assertion that the disputed tax has been paid in full. The United States has therefore not waived its sovereign immunity and this Court lacks jurisdiction to hear Meyer's Counterclaim.

Meyer's Counterclaim additionally fails to meet the plausibility pleading standard of Rule 12(b)(6). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The gist of Meyer's Counterclaim is that, although he is a resident of Minnesota, his taxpayer status is that of a nonresident alien and he is therefore not subject to federal income tax obligations. See Answer ¶

---

[1] Meyer did not file an opposition memorandum to the United States' motion and the matter was taken under advisement on May 6, 2016.

4, Ex. A; Countercl. ¶ 1. This argument has been previously raised and rejected as frivolous. See <u>United States v. Bailey</u>, No. 93-100, 1993 WL 522095, at *5 n.2 (N.D. Okla. June 1, 1993); <u>Anders v. C.I.R.</u>, No. 5329-97, 1999 WL 682050, at *3 (T.C. Sept. 2, 1999).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Joseph D. Meyer's Counterclaim [Docket No. 6] is **DISMISSED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 19, 2016.