UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.                                **MEMORANDUM OPINION AND ORDER**
                                      Civil No. 16-774 ADM/LIB

Joseph D. Meyer,

        Defendant.

_____

Hilarie E. Snyder, Esq., United States Department of Justice, Washington, DC, on behalf of Plaintiff.

Joseph D. Meyer, pro se.

_____

## I. BACKGROUND

On March 25, 2016, Plaintiff United States of America commenced this tax collection action, asserting that Defendant Joseph D. Meyer ("Meyer") owes $110,352.74 in outstanding federal income tax liabilities for the years 2002 and 2009. Compl. [Docket No. 1] ¶¶ 7, 8. On April 13, 2016, Meyer denied the substantive allegations in the Complaint and asserted a Counterclaim. See Answer Compl. Countercl. [Docket No. 6]. Meyer's Counterclaim was dismissed on July 19, 2016. See Order [Docket No. 20].

The Government additionally contends that Meyer has not filed an income tax return for tax years 2013, 2014, and 2015. Phipps Decl. [Docket No. 32] ¶ 2. Revenue Agent Nancy J. Phipps ("Agent Phipps"), the Agent assigned to investigate Meyer's tax filings, learned that Meyer opened an account with Bremer Bank in June 2015. Id. ¶ 10. On September 19, 2016, in furtherance of her investigation into Meyer's tax delinquencies for tax year 2015, Agent Phipps issued a summons to Bremer Bank, requesting banking records for tax year 2015. Id. Prior to

issuing the summons, Agent Phipps provided Meyer with "Publication 1, Your Rights as a Taxpayer," which stated that "we sometimes talk with other persons if we need information that you have been unable to provide, or to verify information we have received."  Id. ¶ 6.

On October 11, 2016, Meyer filed a Petition to Quash IRS Third Party Summons [Docket No. 22] ("Petition").  In the Petition, which names the United States, the Internal Revenue Service ("IRS"), and Agent Phipps as Respondents, Meyer argues that he was not provided with advance notice that third parties would be contacted, as required by 26 U.S.C. § 7602(c)(1) and (2).  Meyer also argues that the summons:  1) was issued while a referral for criminal prosecution was pending; 2) was issued in bad faith; 3) will cause Meyer's records to be tuned over to the IRS in violation of banking and constitutional law of the United States and Minnesota; and 4) was not issued to aid in the collection of a tax assessment.

The Government filed a Motion to Dismiss and Motion for Summary Judgment [Docket No. 29].  The Government argues that the IRS and Agent Phipps should be dismissed from the Petition, and that the Petition should be summarily denied because it lacks merit.  Argument on the Government's Motions was scheduled for February 14, 2017.

On February 14, 2017, Hilarie E. Snyder from the United States Department of Justice appeared on behalf of the Government.  Meyer, who is proceeding pro se, did not make an appearance.  The motions were therefore taken under advisement on the written submissions of the parties.

## II.  DISCUSSION

**A.  Motion to Dismiss**

Meyer's Petition names the United States, IRS, and Agent Phipps as Respondents.

When, as here, the Petition's complaints are directed at actions taken by an IRS employee in her official capacity, the claims are actually against the United States and not the employee or its agency.  See Atkinson v. O'Neil, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."); see also Fisher v. United States, 676 F. Supp. 2d 1165, 1168 (W.D. Wash. 2009).  Therefore, the IRS and Agent Phipps are dismissed as Respondents in this action.

**B.  Summary Judgment**

The Government argues that Meyer's Petition should be summarily denied.  The Government argues that dismissal is appropriate because it has established a prima facie case that the summons was issued in good faith, and Meyer has failed to carry his heavy burden of demonstrating a valid defense to the summons applies.

"In order to encourage effective tax investigations, Congress has endowed the IRS with expansive information-gathering authority; § 7602 is the centerpiece of that congressional design."  United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984).  26 U.S.C. § 7602 authorizes the Secretary of the Treasury to summon and "examine any books, papers, records, or other data which may be relevant or material" to a particular tax inquiry.  To obtain enforcement of a summons under § 7602, the Government must show that the summons:  1) was issued for a legitimate purpose; 2) sought information relevant to that purpose; 3) sought information that is not already within the IRS' possession; and 4) satisfied all administrative steps required by the Internal Revenue Code.  United States v. Powell, 379 U.S. 48, 57–58 (1964).

The Government has satisfied its burden.  IRS agent Phipps issued the summons in

furtherance of Meyer's tax liabilities for tax years 2013, 2014, and 2015; the summons sought banking records that may produce information about Meyer's tax liabilities; the IRS does not have the information they are seeking through the summons, and; Meyer was provided with the proper notice. Meyer, thus, has the "heavy burden" of showing that either of the Powell factors has not been met or that enforcement of the summons would be an abuse of the Court's process. United States v. Lask, 703 F.2d 293, 297 (8th Cir. 1983). Meyer cannot meet this burden.

Meyer first argues that he was not provided with the required notice under § 7602(c)(1) and (2). Section 7602(c)(2) provides that periodic notice of "persons contacted . . . with respect to the determination or collection of the tax liability" be given to the taxpayer. However, Meyer acknowledges receiving Publication 1 notifying him of the IRS' intention to potentially contact third parties, satisfying the notice provisions of § 7602(c)(1) and § 7609(a)(1). Section 7602(c)(1) provides that the IRS "may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." Similarly, § 7609(a)(1) states that notice of the summons must be provided "within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." Meyer's complaint that the IRS failed to comply with § 7602(c)(2), even though it complied with § 7602(c)(1) and § 7609(a)(1), has been repeatedly rejected. See e.g., Peterson v. United States, No. 12-3078, 2012 WL 5412849, at *2–3 (D. Neb. Nov. 6, 2012); Jordan v. United States, No. 11-06, 2011 WL 4712247, at *3 (S.D. Ohio Sept. 12, 2011).

Meyer's other arguments do not carry his burden. Meyer has failed to substantiate his

claim that the summons was issued while a referral for criminal prosecution was pending, a claim the Government contends is false. Meyer has similarity failed to demonstrate the summons was issued in bad faith or intended to harass.

The Complaint in this case seeks to reduce to judgment Meyer's tax liabilities for tax years 2002 and 2009. The Complaint does not involve tax years 2013–2015, the subject of Agent Phipp's investigation. Meyer has not cited authority to support his claim that the summons will violate banking or privacy laws. Contrary to Meyer's argument, the Internal Revenue Code specifically allows for the issuance of a summons like the one here. See 26 U.S.C. § 7602.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff the United States of America's Motion to Dismiss and Motion for Summary Judgment [Docket No. 29] is **GRANTED.** Defendant Joseph D. Meyer's Petition to Quash IRS Third Party Summons [Docket No. 22] is **DISMISSED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 17, 2017.