UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

                                  MEMORANDUM OPINION
v.                                  AND ORDER
                                  Civil No. 16-774 ADM/LIB

Joseph D. Meyer,

           Defendant.

_____

Hilarie E. Snyder, Esq., United States Department of Justice, Washington, DC, on behalf of Plaintiff.

Joseph D. Meyer, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff United States of America's (the "Government") Motion for Summary Judgment [Docket No. 47] and Defendant Joseph D. Meyer's ("Meyer") Motion for Summary Judgment [Docket No. 53]. For the reasons set forth below, the Government's Motion is granted and Meyer's Motion is denied.

## II. BACKGROUND

On March 25, 2016, the Government commenced this civil tax collection action, asserting that Meyer owes $110,352.74 in outstanding federal income tax liabilities for tax years 2002 and 2009.[1] Compl. [Docket No. 1] ¶¶ 7, 8. On April 13, 2016, Meyer denied the substantive allegations in the Complaint and asserted a Counterclaim. See Answer Compl. Countercl.

---

[1] The Government additionally contends that Meyer has not filed a federal income tax return for tax years 2013, 2014, and 2015. Phipps Decl. [Docket No. 32] ¶ 2. The allegations relating to these tax years are not subject to the current case.

[Docket No. 6]. Meyer's Counterclaim was dismissed on July 19, 2016. See Order [Docket No. 20].

The Government and Meyer both move for summary judgment. The Government seeks a judgment to enforce Meyer's unpaid federal income tax liabilities. Meyer seeks an order holding that the tax assessments levied for tax years 2002 and 2009 are invalid.

A. Tax Year 2002

Meyer did not timely file a federal income tax return for tax year 2002. First Kofoid Decl. [Docket No. 50] ¶ 8. As a result, the Internal Revenue Service ("IRS") computed Meyer's tax obligation through third parties such as employers and financial institutions. Id. On April 30, 2004, the IRS sent Meyer a letter explaining its tax computation. Id. Attach. 3. The IRS determined that Meyer owed $43,554.20 in tax, $14,086.17 in penalties, and $2,884.27 in interest, for a total of $60,524.64. Id.

On May 2, 2008, Meyer filed a $40,000 offer in compromise with the IRS in an effort to resolve his tax liabilities. First Kofoid Decl. ¶ 9; Attach. 5. By letter of October 29, 2008, the IRS rejected Meyer's offer because "[t]he amount offered is less than your reasonable collection potential. . . . Based on the financial information you submitted, we have determined you can pay the amount due in full." Id. Attach. 6. Meyer administratively appealed the rejection, which was upheld on September 30, 2009. First Kofoid Decl. ¶ 10.

B. Tax Year 2009

Meyer did not file a federal income tax return for tax year 2009. Id. ¶ 8. As with the 2002 return, the IRS computed Meyer's tax obligation. Id. Attach. 1. By letter of November 13, 2012, the IRS informed Meyer that for tax year 2009 he owed $23,469.30 in tax, $9,425.31 in

penalties, and $2,773.91 in interest, for a total of $35,668.52.  Id.

**C.  The Present Motions**

The Government seeks entry of judgment to establish Meyer's tax liabilities for tax years 2002 and 2009.  Inclusive of interest, the Government contends that Meyer now owes $57,790.60 for tax year 2002 and $43,333.46 for tax year 2009, for a total of $101,124.06.[2]  Meyer does not dispute the amount of tax the IRS claims he owes.  Instead, Meyer argues that the Government failed to follow Internal Revenue Code ("I.R.C.") §§ 6212(a) and 6213(a), which requires the IRS to mail a notice of deficiency ("NOD") to a taxpayer prior to initiating proceedings to assess a tax deficiency.  Meyer argues that the Government's failure to mail a NOD for tax years 2002 and 2009 invalidates the tax assessments.  Thus, the present Motions turn on whether the Government properly mailed a NOD for tax years 2002 and 2009.

### III.  DISCUSSION

**A.  Summary Judgment Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  On a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).  However, the nonmoving party may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik v. Cty. of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

---

[2] The totals here differ from the earlier totals due to payments, abatements, and continuing interest.

**B. Deficiency Notices**

Section 6203 of the I.R.C. provides that a tax assessment "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." The IRS must send a NOD to the taxpayer's "last known address" by certified mail or registered mail before it assesses liability for unpaid taxes. I.R.C. §§ 6212(a), (b)(1); see also Wiley v. United States, 20 F.3d 222, 224 (6th Cir. 1994) ("Under the provisions of the Internal Revenue Code, the IRS must mail a notice of deficiency by certified or registered mail before it can make an assessment for delinquent taxes, which in turn is a prerequisite to seizing and selling the taxpayer's property.") (quotations omitted). If the IRS fails to prove that it properly mailed a NOD, any tax assessment based upon that notice is invalid. I.R.C. § 6213(a); see also Hoyle v. Comm'r, 131 T.C. 197, 205 (2008).

The Government has the burden of proving by "competent and persuasive" evidence that a NOD was sent to the taxpayer. Bobbs v. Comm'r, T.C. Memo., 2005–272, 2005 WL 3157919, at *2 (U.S. Tax Ct. Nov. 28, 2005) (citing Coleman v. Comm'r, 94 T.C. 82, 90, 1990 WL 16337 (1990)). "This notice of deficiency is often referred to as the 'ninety day letter' because after mailing this notice, the IRS must give the taxpayer ninety days to petition the Tax Court for a redetermination of the deficiency before making an assessment." Wiley, 20 F.3d at 223 (citing I.R.C. § 6213(a)).

The IRS is entitled to a rebuttable presumption of proper mailing if it "(a) shows that the notice of deficiency existed and (b) produces a properly completed Postal Form 3877 certified mail log (or equivalent)." O'Rourke v. United States, 587 F.3d 537, 540 (2d Cir. 2009) (per curium). Here, the Government is able to produce a NOD for tax year 2002 only; it is unable to

4

locate the NOD for tax year 2009 or a Postal Form 3877 for either tax year 2002 or 2009. Mem. Opp'n [Docket No. 60] ¶ 5. Therefore, the Government is not entitled to the presumption of proper mailing for either tax year 2002 or 2009. The lack of this documentation, however, is not dispositive of the Government's case, as even without this evidence, the Government may meet its burden with evidence that is "otherwise sufficient." Id.

In O'Rourke, the government possessed a partial copy of the NOD and an improperly completed PS Form 3877. Id. at 540–41. Although the defects in the evidence prevented the presumption of proper mailing from applying, the Second Circuit concluded that the incomplete NOD and the erroneous PS Form 3877 were "otherwise sufficient" to establish proof of mailing. Id. at 541–42.

The Eighth Circuit addressed this issue in United States v. Ahrens, 530 F.2d 781 (8th Cir. 1976). In that case, all copies of the NOD had been lost. Id. at 784–85. The government, however, produced a completed PS Form 3877 and introduced testimony from the taxpayer's attorney who recalled receiving a copy of the NOD. Id. at 783–85. Therefore, only the validity of the NOD's contents was in dispute. Without contrary evidence from the taxpayer, the Eighth Circuit concluded that the contents of the NOD could be presumed valid under the presumption of official regularity that attached upon mailing of the NOD. Id. at 785–86.

In United States v. Rohner, the government satisfied its burden of showing that NODs were mailed though a completed Form 4340 that stated additional tax was assessed "per default of 90 day letter." 634 F. App'x 495, 501–02 (6th Cir. 2015). And in United States v. Zolla, all copies of the NODs were destroyed. 724 F.2d 808, 810 (9th Cir. 1984). Proof of mailing was nevertheless demonstrated through a completed PS Form 3877 and an IRS form certifying that

taxes and penalties had been assessed. Id. The Ninth Circuit thus adopted "the view of the Eighth Circuit and the Tax Court that these official certificates are highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made." Id. (citing Ahrens, 530 F.2d at 784–86; Cataldo v. Comm'r, 60 T.C. 522, 524 (1973)).

Pietanza v. Commissioner is an example where the government's evidence was adequately rebutted. 92 T.C. 729, 1989 WL 28334 (1989) aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991)  There, taxpayers received a notice that the IRS was assessing tax, penalty, and interest. Id. at 730. In response, the taxpayers wrote letters to the IRS asserting that they never received a NOD prior to the tax assessment. Id. at 730–32. In court the government was unable to provide a copy of the NOD as issued. Id. 733. Rather, the government produced a PS Form 3877 and a sample draft of the NOD that indicated a deficiency amount that differed from the deficiency amount noted on a form that was attached. Id. at 736–37. Despite evidence that the Acting District Counsel approved issuing a NOD, the court was unwilling to presume that the draft NOD was the NOD sent to and approved by the District Counsel, or that it was the NOD that was subsequently prepared for mailing. Id. at 737. Thus, the court concluded that "[a]ny presumption of regularity which one might assume from the Form 3877 . . . has been rebutted successfully by petitioners." Id. at 739.

Before proceeding to the sufficiency of the evidence produced here, two other considerations are important to have in mind. First, IRS regulations require only that the Government mail the notice of deficiency; whether or not the notice was actually received is unnecessary. Wilson v. Comm'r, 564 F.2d 1317, 1319 (9th Cir. 1977). Second, "[i]n the

6

absence of any direct evidence contradicting the Government's position, the presumption of official regularity controls. 'The presumption of regularity supports the official acts of public officers and, in the absence of <u>clear evidence to the contrary</u>, courts presume that they have properly discharged their official duties.'" <u>United States v. Dixon</u>, 672 F. Supp. 503, 506 (M.D. Ala. 1987) (quoting <u>United States v. Chem. Found., Inc.</u>, 272 U.S. 1 (1926) (emphasis in original)).

### 1. Tax Year 2002

#### a. Existence of the NOD

The Government has met its burden to prove the existence of a valid NOD for tax year 2002. The Government has produced a copy of the NOD dated June 8, 2004, it alleges it sent Meyer for the asserted tax deficiency for tax year 2002. Government's Ex. List [Docket No. 61] Attach. 2 ("2002 NOD").

Meyer raises two arguments challenging the validity of the 2002 NOD's contents. First, Meyer argues that the 2002 NOD is incomplete because it does not explain the purpose of the notice, does not include a waiver, does not include a statement showing how the deficiency was computed, and does not provide an explanation of the adjustments.[3] Meyer argues that these omissions are relevant because the Internal Revenue Manual requires that NODs include the information and material that Meyer claims is missing. Meyer contends this is probative evidence of whether the 2002 NOD was mailed because, according to Meyer, the Government would not mail an incomplete NOD. The Internal Revenue Manual, however, does not have force of law and does not confer rights on taxpayers. <u>Fargo v. Comm'r</u>, 447 F.3d 706, 713 (9th

---

[3] Contrary to Meyer's assertion, the 2002 NOD includes a waiver.

Cir. 2006). Furthermore, noncompliance with the manual does not render an action of the IRS invalid. Matter of Carlson, 126 F.3d 915, 922 (7th Cir. 1997). Finally, "the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough. . . . [M]istakes in the notice which do not frustrate its purpose, are negligible." O'Rourke, 587 F.3d at 541 (quoting Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937)).[2] Accordingly, any inconsistencies between the 2002 NOD and the Internal Revenue Manual do not render the 2002 NOD defective.[3]

Second, Meyer argues that the 2002 NOD fails to comply with I.R.C. § 6212's requirement that a NOD be sent by "the Secretary" or his "delegate." Meyer contends that the Government has not shown that the signer of the 2002 NOD, Thomas D. Mathews ("Mathews"), satisfies § 6212. But the 2002 NOD is not signed merely by Mathews; rather, it is signed by Mathews on behalf of the Commissioner. Under applicable delegation orders, the Commissioner has authority to perform the function of the Secretary, and the Commissioner has authority to redelegate the performance of that function to his or her subordinates. See I.R.S. Deleg. Order No. 77 (Rev. 28) (May 17, 1996), 1996 WL 33406633; 26 C.F.R. § 301.7701–9; Stamos v. Comm'r, 95 T.C. 624, 629–30 (1990). Significantly, Mathews was also the signer in Wheeler v. Comm'r, Nos. 14430-03, 7206-04, 2006 WL 1391389, at *2 n.4 (Tax Ct. May 22, 2006). The court in Wheeler rejected the same argument that Meyer raises here, concluding that Mathews

---

[2] This case is, therefore, distinguishable from Pietanza, where the IRS failed to establish that a final NOD was prepared.

[3] The record here also includes an April 30, 2004 letter addressed to Meyer explaining the adjustments for tax year 2002 and describing how the tax was computed. First Kofoid Decl. Attach. 3.

was properly delegated to sign the NOD. Id.[4]

### b. Mailing of the NOD

The Government has also met its burden of showing that the 2002 NOD was mailed to Meyer's last known address more then 90 days prior to the tax being assessed.[5] The Government has produced a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340") for the 2002 tax year. First Kofoid Decl. Attach. 4 ("2002 Form 4340"). A Form 4340 shows "assessments of tax, interest, and penalties made by the IRS, certain notices given by the IRS to the taxpayer, the disposition of offers in compromise, and any payments or credits that are applied to the taxpayer's account." First Kofoid Decl. ¶ 5. The 2002 Form 4340 notes that on November 8, 2004, Meyer was assessed $43,554.20 in additional tax "by examination audit deficiency per default of 90 day letter." 2002 Form 4340. November 8, 2004 is more than 90 days from June 8, 2004, the date of the 2002 NOD. Moreover, the assessed tax amounts reflected in the 2002 Form 4340 and the 2002 NOD are the same, $43,554.20. Finally, the Government has also produced two declarations of Technical Advisor Revenue Officer Kyle Kofoid ("Revenue Officer Kofoid"). Revenue Officer Kofoid claims that the 2002 Form 4340

---

[4] Meyer cites Muncy v. Commissioner, 637 F. App'x 276 (8th Cir. 2016) in support of his contention that Mathews does not have the authority to sign the 2002 Deficiency Letter. But Muncy is distinguishable. As here, the taxpayer in Muncy argued that the signer on the NOD was not a duly authorized delegate of the Secretary. Id. at 276. Despite that argument, the tax court concluded that the authority of the signer was not an issue in the case. Id. The Eighth Circuit disagreed, and concluded that the "tax court erred by declining to address the legitimacy of the NOD." Id. at 277. The Eighth Circuit remanded to the tax court to consider the argument raised by the taxpayer; it did not decide whether the signer was a delegate of the Secretary. Id. Here, the Court is addressing and rejecting Meyer's argument challenging Mathews' authorization.

[5] Meyer does not argue that the Government sent the 2002 NOD to an incorrect address.

confirms that the IRS mailed Meyer a NOD for tax year 2002. Government's Ex. List Attach 1 ("Second Kofoid Decl.") ¶¶ 7–9.

Meyer argues that Form 4340 cannot be used to establish that the 2002 NOD was actually mailed. Meyer contends that "[a] certified mail list or PS Form 3877 is critical." Def.'s Resp. United States' Opp'n Mot. Summ. J. [Docket No. 63] at 10. Meyer's argument ignores the caselaw holding that a PS Form 3877 is not needed to demonstrate that a deficiency letter was mailed, and that a Form 4340 can establish mailing.

In Hansen v. United States, the Ninth Circuit held that "Form 4340 is probative evidence in and of itself and, 'in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made.'" 7 F.3d 137, 138 (9th Cir. 1993) (quoting Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992)); see also United States v. Charboneau, No. 5:04–CV442–OC–10, 2005 WL 2346947, at *5 (M.D. Fla. Sept. 26, 2005) ("And proof of mailing can be demonstrated simply by providing the Form 23C, or a Certificate of Assessment (otherwise known as Form 4030[sic]), which indicates the date the Notice was sent, or some other documentary evidence demonstrating mailing."); Laeger v. United States, No. 08-1549, 2010 WL 1542173, at *5 (W.D. La. Apr. 12, 2010) (holding that Form 4340 is valid evidence that government mailed a NOD).

Meyer's case for tax year 2002 bears striking resemblance to United States v. Stevenson, No. 09-3034, 2010 WL 2490756 (E.D. Pa. June 15, 2010). In Stevenson, the government sought a judgment of liability for six tax years. Id. at *1. The defendant argued that the United States never provided him with NODs for those years. Id. Because the government was unable to produce a certified mail log or equivalent, it was not entitled to the presumption of proper

mailing Id. at *3. The government was able to satisfy its burden through a Form 4340 that stated "[a]dditional tax assessed by examination audit deficiency per default of 90 day letter" and through testimony from an IRS Technical Service Advisor that the Form 4340 shows that each notice of deficiency was sent more than 90 days prior to the dates of assessment.[6] Id. at *4. Upon that evidence, the court in Stevenson shifted the burden to the taxpayer to show that the proper notices were not mailed. Id. at *4.

As in Stevenson, the Government has satisfied its burden of proof that a NOD for 2002 existed and that it was properly mailed. Consequently, the burden shifts to Meyer to prove otherwise. The rebuttal evidence Meyer offers is his declaration stating that the Government never mailed a 2002 NOD because he never received one. Meyer Decl. [Docket No. 55] ¶ 2. But, as previously stated, actual receipt is irrelevant. See e.g., Wilson, 564 F.2d at 1319 ("There is no requirement that the taxpayer actually receive the notice of deficiency."); Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992) (noting that the IRS satisfies its mailing obligation "even if the taxpayer does not actually receive the notice"); Ahrens, 530 F.2d at 785 ("That the taxpayer did not receive actual notice of the deficiency is irrelevant."). Additionally, "[a] taxpayer's self-serving claim that he did not receive the notice of deficiency will generally be insufficient to rebut the presumption." Klingenberg v. Comm'r, 104 T.C.M. (CCH) 470, 2012 WL 5035605, at *5 (2012). Meyer has failed to rebut the presumption.

After a thorough review of the record viewed in the light most favorable to Meyer, there

---

[6] In addition, the defendant's appointed representative and former lawyer sent a letter to the IRS that included a copy of a NOD for one of the six years the government contended that taxes were owed. Stevenson, 2010 WL 2490756, at *4. The court concluded that "there can be no dispute that the government properly mailed the notice of deficiency for the 1998 tax year." Id.

is no genuine dispute that the IRS mailed a valid NOD for tax year 2002 to Meyer's last known address at least 90 days before it assessed tax. Since Meyer does not dispute the accuracy of the claimed tax assessments, the United States is entitled to summary judgment for tax year 2002.

**2. Tax Year 2009**

   **a. Existence of the NOD**

For tax year 2009, the Government has been unable to produce a copy of the NOD it allegedly sent Meyer. Instead, the Government has produced a Form 4340, a November 13, 2012 letter explaining the tax and penalties the IRS assessed Meyer for tax year 2009, and a Case History Report describing the steps taken by the IRS employee who audited Meyer's tax records. First Kofoid Decl. Attach. 1 ("November 13, 2012 Letter"); Attach. 2 ("2009 Form 4340"); Government's Ex. List Attach. 4 ("Case History Report").[7] The Government also offers

---

[7] Meyer's argument that the Case History Report is hearsay evidence barred by the Federal Rules of Evidence is rejected. Federal Rule of Evidence 803(6) provides an exception to the rule against hearsay for records of a regularly conducted activity. The exception applies if:

> (A) the record was made at or near the time by - or from information transmitted by - someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness. . .; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). The Case History Report meets each of the requirements of the business

testimony from Revenue Officer Kofoid. "[F]or the government to meet its burden of proof in the absence of a copy of the notice, it must offer sufficiently corroborative evidence in the form of testimony, correspondence, habit evidence, or otherwise, both of the existence of the notice of deficiency and of timely mailing." Welch v. United States, 678 F.3d 1371, 1380 (Fed. Cir. 2012). The Government has carried its burden.

The existence of the NOD is substantiated through the Case History Report. The Case History Report reflects that a NOD was created on January 3, 2013, which was then mailed on January 25, 2013. Additionally, the 2009 Form 4340 reflects that tax was assessed "per default of 90 day letter" on June 10, 2013, which is more than 90 days from when the NOD was allegedly sent, January 25, 2013. The evidence is further corroborated in that the 2009 Form 4340 reflects that $44,112.30 of tax was assessed on June 10, 2013, which equals the total tax liability the IRS calculated and reported in the November 13, 2012 Letter. Collectively, this evidence conclusively establishes the existence of a NOD for tax year 2009.

Meyer argues that without a copy of the NOD in the record, there is no evidence that the NOD complies with IRS regulations. As with the 2002 tax year, Meyer contends that there is no evidence that the NOD for tax year 2009 was signed and issued by a delegate of the Secretary. In Ahrens, since neither party was able to produce a copy of the NOD, the district court concluded that "the government failed to sustain its burden of proving that a valid notice was sent." 530 F.2d at 785. In reversing the district court on this issue, the Eighth Circuit stated:

> it would be unreasonable to presume that the IRS employee who

---

record exception to the hearsay rule. Meyer has not submitted any evidence to show that either the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.

> drafted the statutory notice failed to perform the ministerial function of properly recording the assessed amount and the taxable year involved. All other steps in the notification process were properly accomplished. In the absence of any rebuttal proof, we are bound to presume the validity of the contents of the statutory notice of deficiency.

Id. at 786–87 (footnotes omitted). The same logic applies here. It would be unreasonable to presume that the Government independently and correctly calculated Meyer's 2009 adjusted gross income and corresponding tax liability only to fail in completing the ministerial duty of having the NOD signed by an authorized individual. See November 13, 2012 Letter (calculating Meyer's income and tax liability); First Kofoid Decl. Attach. 8 (showing Meyer's wages paid, capital gains, dividends, and interest for tax year 2009); ¶ 8 ("As a result, the IRS determined that Meyer had taxable income and owed tax based on information received from third parties."). The evidence in the record is sufficient to conclude that a valid NOD for tax year 2009 was issued.

### b. Mailing of the NOD

The government has also carried its burden of showing that the NOD for tax year 2009 was mailed. As in Stevenson, proof of mailing is established through the 2009 Form 4340, which reflects that the tax was assessed "by examination audit deficiency per default of 90 day letter." Moreover, the amount of tax assessed reflected in the 2009 Form 4340 is consistent with the calculations in the November 13, 2012 Letter. Finally, the import of this evidence is explained by Revenue Officer Kofoid. This is the exact type of corroborative evidence that Welch held would carry the Government's burden. 678 F.3d at 1380. Collectively, this evidence conclusively establishes that a NOD was sent to Meyer on January 25, 2013.

As with tax year 2002, Meyer does not present rebuttal evidence. Rather, Meyer again argues that a PS Form 3877 is critical to establish the date of mailing. But, as noted above, the Government may demonstrate proof of mailing through other evidence, including a Form 4340. Moreover, Meyer's failure to provide rebuttal evidence or reasoned argument to impair the credibility of the Government's evidence distinguishes it from cases where the government failed to satisfy its burden of proof. See, e.g., Welch, 678 F.3d at 1374–82 (holding that taxpayer successfully undermined the credibility of the government's evidence by showing through testimonial and documentary evidence that it was likely a NOD was issued for one tax year and not two tax years, as the government contended). Rather than undermining the legitimacy of the evidence or raising credible arguments that challenge the Government's contentions, Meyer simply presumes that because it is the IRS' practice to maintain a copy of the NOD and PS Form 3877 in the taxpayer's file, the absence of that evidence is compelling proof that no NOD was mailed. But there is ample caselaw on this subject routinely holding that the Government proved the existence and mailing of a NOD when a copy of the NOD and PS Form 3877 were not produced by the Government.[8]

Finally, it is only now, at the summary judgment stage, that Meyer contends the Government did not mail NODs for tax years 2002 and 2009. This issue was never raised during discovery and Meyer's newfound argument distinguishes this case from those like Pietanza, where the taxpayer raised this issue long before this late point in the litigation.

---

[8] Although the case law on this issue protects the IRS, it is frustrating that in this digital age the IRS is unable to provide a copy of the NOD and proof of proper mailing. It is troubling that the Government must rely upon circumstantial evidence to demonstrate that the mundane tasks of preparing and mailing such an important document to the taxpayer were done properly, making this case a much closer call than it should be.

In sum, the admissible evidence presented by the Government is "otherwise sufficient" to carry its burden of showing the existence and mailing of a NOD for tax year 2009. Meyer's arguments to the contrary are unpersuasive, and he has submitted no admissible evidence outside of his declaration supporting his argument that no NOD for tax year 2009 was mailed. For these reasons, the Government is entitled to summary judgment; Meyer's request for summary judgment is denied.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff United States of America's Motion for Summary Judgment [Docket No. 47] is **GRANTED**.

2. Defendant Joseph D. Meyer's Motion for Summary Judgment [Docket No. 53] is **DENIED**.

3. The United States of America is entitled to Judgment against Joseph D. Meyer in the amount of $57,790.60 for tax year 2002, and $43,333.46 for tax year 2009, plus continuing interest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 14, 2017.