UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

v.                                      **ORDER**
                                       Civil No. 16-774 ADM/LIB

Joseph D. Meyer,

                Defendant.

_____

Hilarie E. Snyder, Esq., United States Department of Justice, Washington, DC, on behalf of Plaintiff.

Joseph D. Meyer, pro se.

_____

On July 14, 2017, the undersigned United States District Judge granted Plaintiff United States of America's (the "Government") Motion for Summary Judgment, finding Defendant Joseph D. Meyer ("Meyer") liable for unpaid federal income tax for tax years 2002 and 2009. See Mem. Op. Order [Docket No. 66] (the "July 14, 2017 Order"). On August 25, 2017, Meyer filed a Motion to Alter/Amend/Correct Judgment [Docket No. 68] (the "Motion"). Meyer seeks an order reversing the July 14, 2017 Order, abating his federal tax assessments for tax years 2002 and 2009, and a refund of money withheld by the Government for tax years 2002 and 2009.

Meyer's Motion is properly characterized as a request for reconsideration under Local Rule 7.1(g), which is the "functional equivalent" of a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] DuBose v. Kelly, 187 F.3d 999, 1002 (8th

---

[1] Meyer stylizes the Motion as seeking relief under Federal Rule of Civil Procedure 59(a)(2), but Rule 59(a)(2) is applicable only when judgment was entered after a nonjury trial, not on summary judgment. Accordingly, the Motion will be construed as a motion under Rule 59(e), which "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Cir. 1999). "Compelling circumstances" must be shown to justify granting a party's request to file a motion for reconsideration. D. Minn. LR 7.1(g).

Meyer argues that the July 14, 2017 Order is erroneous because it: 1) relies on non-binding district court cases; 2) ignores appellate decisions holding that a United States Post Office Form 3877 is required to prove a Notice of Deficiency ("NOD") was properly mailed; 3) improperly considered Form 4340; and 4) incorrectly determined that the Government carried its burden of calculating Meyer's unpaid federal tax liabilities for tax years 2002 and 2009. Meyer also complains that the July 14, 2017 Order impermissibly bolstered the Government's case.

Meyer's Motion is denied. The bulk of Meyer's arguments were previously considered and rejected, and Meyer's new substantive arguments—to the extent that the Motion raises any—are unavailing here because they could have been raised in opposition to the Government's motion for summary judgment. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (noting that Rule 59 "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment"). Finally, Meyer's argument that the Court "bolster[ed] the Government's case" takes aim at footnote 8 of the July 14, 2017 Order. Far from bolstering the Government's case, footnote 8 faults the Government for its inability to produce copies of documents in this digital age.

In essence, the Motion seeks nothing more than "a second bite at the apple," which the rules prohibit and, accordingly, falls short of the "compelling circumstances" necessary to justify a motion to reconsider. D. Minn. LR 7.1(g).

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that: Defendant Joseph D. Meyer's Motion to Alter/Amend/Correct Judgment [Docket No. 68] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 29, 2017.